**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

DEANDRA STEPHENSON,        )
ADC # 138392                  )
    Petitioner,            )     **Case No. 5:12-CV-00106 KGB-JTK**
v.                         )
                          )
RAY HOBBS, Director,       )
Arkansas Department of Correction   )
    Respondent.          )

## ORDER DENYING LEAVE TO AMEND

BEFORE THE COURT is the Motion to Amend Petition for Writ of Habeas Corpus filed by DeAndra Stephenson (Doc. No. 29).  After reviewing the motion and the applicable law, the Court finds that Petitioner's motion should be DENIED.

In response to the undersigned Magistrate Judge's July 19, 2013 Report and Recommendation that the current action be dismissed, Petitioner filed an objection that had several proposed amendments to his Petition.  The Court chose not to adopt the Report and Recommendation so that the undersigned could consider Petitioner's Motion to Amend.

Reading it liberally, the Motion to Amend asserts the following three new claims: 1) there was prosecutorial misconduct through the use of perjured testimony, 2) counsel was ineffective for failing to call Lamonte Young as a witness, and 3) counsel was ineffective for failing to call Monica Cage as a witness.  Petitioner also requests an evidentiary hearing based on newly discovered evidence of prosecutorial misconduct.

Petitioner's motion is denied because the amendments would be futile.  The claims he seeks to add to his petition are barred by the one-year statute of limitations applicable to habeas corpus actions, and they cannot relate back to his original petition under *Mayle v. Felix*, 545 U.S. 644 (2005).  *Mayle* specifically held that the "same 'conduct, transaction, or

occurrence' [does not] mean same 'trial, conviction, or sentence'" under Federal Rule of Civil Procedure 15(c)(2) for habeas purposes. *Id.* at 664.  The Court noted that the pleading standards for habeas cases are more stringent than those for ordinary civil cases, *id.* at 655, and that relation back is allowed "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 657.  There was nothing in his original petition that would allow relation back of his prosecutorial misconduct claim, and, even if there were, it would be procedurally defaulted because he did not raise it during his direct appeal.

Petitioner also asserts actual innocence in an attempt to circumvent the time and procedural bars, but he has failed to meet the requirements of this "severely confined category." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1933 (2013).  The facts underlying this new claim do not "establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.* (quoting 28 U.S.C. § 2244).  His request for an evidentiary hearing is denied for the same reason and also because it is not based on evidence that could not have been previously discovered through the exercise of reasonable diligence. 28 U.S.C. § 2254(e)(2)(A)(ii), (B).

Petitioner's two claims of ineffective assistance of counsel are also time barred.  The claims are essentially identical, except that each is based on affidavits submitted by a different person. These affidavits contain nearly identical eye witness statements from two of Petitioner's acquaintances that both separately happened to witness the shooting, and both indicate that the shooter was not Petitioner.   The two claims are based on completely new facts that were not hinted at in his petition, so there can be no relation back.  Even if the Court were to assume they

could relate back, these claims are based on new evidence that is inadmissible.  "At a minimum, § 2254(e)(2) still restricts their discretion in claims that were not adjudicated on the merits in state court. Although state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1392 (2011).  Given that the affidavits both clearly indicate that the factual predicate could have been discovered through the exercise of due diligence, his evidence cannot be considered.

IT IS THEREFORE ORDERED that Petitioner's Motion to Amend Petition for Writ of Habeas Corpus be DENIED.

SO ORDERED this 6th day of June, 2014.

_____
United States Magistrate Judge