## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

| | |
|---|---|
| DEANDRA STEPHENSON, ) | |
| ADC # 138392 ) | |
|     Petitioner, ) | **Case No. 5:12-CV-00106 KGB-JTK** |
| v. ) | |
| ) | |
| RAY HOBBS, Director, ) | |
| Arkansas Department of Correction ) | |
|     Respondent. ) | |

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### Instructions

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Amended Petition for Writ of Habeas Corpus filed by DeAndra Stephenson (Doc. No. 10). A response was filed by Respondent Ray Hobbs on May 15, 2012 (Doc. No. 16). Petitioner filed a reply on June 11, 2012 (Doc. No. 20). The undersigned magistrate filed a recommendation that the action be dismissed on July 19, 2013. On June 2, 2014, the Court declined to adopt the recommendation because Petitioner filed a motion to amend his petition. That motion was denied on June 5, 2014. Because all obstacles are now removed, the undersigned reasserts the original recommendation. After reviewing the parties' briefing and the available evidence, the Court finds that Petitioner's claims should be DISMISSED.

## Background

Ladamien Taylor and Leslie Harper were involved in a break-in at Petitioner's house at

some point around June 26, 2006.  Norman Dednam, one of Petitioner's accomplices, testified that Petitioner called him that night to tell him that he was going to kill the people responsible.

The following Saturday, July 1, 2006, Taylor and Harper went to the mall with Christopher Taylor, and Harper briefly had a conversation with Rashon McKinney.  McKinney testified that he called Petitioner to tell him he saw Harper and that he heard Harper was responsible for the robbery.  McKinney also testified that he called a second time to describe what Harper was wearing. The state introduced cell phone records to show that the two phone calls took place within minutes of the shooting.  McKinney said he heard gunshots as he was leaving the mall shortly after the calls.

Dednam testified that he went to the mall with Petitioner after McKinney's call and that McKinney was standing outside pointing toward some parked cars.  Petitioner then got out of the car with a blue rag tied around his face and shot the car eight or nine times.  Ladamien Taylor and Christopher Taylor were killed and Leslie Harper was severely injured as a result.  Dednam and Petitioner then drove to a lake to dispose of the rag and gun.

Samuel White, a retired deputy sheriff and United States Marshal, testified that he saw the shooting and called 911.  He testified that the shooter was a black male who was approximately five feet tall.[1]  White also recorded the license plate number, and police traced it back to Ricky Van Whitehead, who testified that he had lent it to Petitioner's uncle.

Felicia Taylor, Petitioner's aunt, testified the police requested that she come in for a statement on July 2, 2006.  Petitioner went to her house before she made the statement and asked her to tell the police that he was at her house during the shooting.  She complied with his request but then recanted when she learned that the police were investigating a double homicide.

---

[1] Petitioner is approximately five feet tall, but McKinney and Dednam are both over six feet tall.

**Procedural History**

Petitioner was convicted of two counts of capital murder and one count of terroristic act on March 14, 2007, and he was sentenced to life imprisonment without parole and an additional 45 consecutive years due to enhancements. He subsequently appealed his conviction to the Arkansas Supreme Court, arguing that the evidence was insufficient to support the conviction because the testimony of his accomplice was not sufficiently corroborated under Arkansas's accomplice-corroboration rule. The court affirmed his convictions on April 10, 2008. *Stephenson v. State*, 373 Ark. 134, 282 S.W.3d 772 (2008). Pursuant to a rule requiring review of all adverse rulings in cases involving life sentences or the death penalty, the Arkansas Supreme Court also found that the trial judge did not abuse his discretion by denying Petitioner's pre-trial motion to recuse. Petitioner did not seek certiorari.

Petitioner sought postconviction relief pursuant to Ark. R. Crim. P. 37.1 by filing three petitions: an unverified, nineteen-page "Amended Petition for Relief" dated May 9, 2008; a verified, nine-page "Rule 37 Petition" dated May 29, 2008; and a verified, five-page "Amended Petition for Relief" dated December 21, 2009. The petitions sought relief based on arguments that his trial counsel was ineffective, but the circuit court denied relief on March 5, 2010. The circuit court only addressed the first and third petitions.

The Arkansas Supreme Court dismissed Petitioner's appeal because the trial court lacked jurisdiction to rule on the first petition since it was unverified, did not address the second petition, and lacked jurisdiction to rule on the third petition because it was filed after the time for filing had expired. *Stephenson v. State*, 2011 Ark. 506, 2011 WL 5995557 (December 1, 2011).

**Discussion**

Petitioner argues he is entitled to relief pursuant to 28 U.S.C. § 2254 because 1) the trial court erred in denying his directed verdict regarding the sufficiency of the evidence, 2) he was denied due process when the trial judge failed to recuse himself, and 3) his trial counsel was ineffective for failing to conduct an adequate pretrial investigation and not introducing the testimony of Theresa Stephenson.  Respondent contends that his claims fail because they are barred by the statute of limitations, procedurally defaulted, and without merit.

## I.      Statute of Limitations

Section 2244 requires that state habeas petitioners file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  Because Petitioner did not seek certiorari, the limitations period did not begin to run until ninety days after the Arkansas Supreme Court's denial of his direct appeal on April 10, 2008. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012) (explaining that prisoners who do not seek review from the Supreme Court fall under the "expiration of the time for seeking such review" prong and that the date of a state court's mandate is irrelevant for federal habeas purposes).

Respondent contends that the subsequent Rule 37 petitions and their appeal did not toll the limitations period because only a properly filed application for state collateral review can have this effect. *See* 28 U.S.C. § 2244(d)(2); *Evans v. Chavis*, 546 U.S. 189, 191 (2006) ("The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law."); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  Under Respondent's view, the limitations period began on July 10, 2008, and expired well before March 4, 2012, the date Petitioner's federal habeas petition was filed.

The Court declines to adopt Respondent's reasoning given the absurd results of the Arkansas Supreme Court's decision. It held that the circuit court lacked jurisdiction to consider his first petition because it was unverified, essentially ignored the second petition that was both timely and verified, and held that the circuit court lacked jurisdiction to consider the third petition because the sixty-day limitations period had expired. It is unclear what Petitioner could have done to correct his initial error other than filing the second petition, and the Arkansas Supreme Court offered no guidance regarding why the sixty-day limitations period continued to run after it was filed (thus preventing consideration of the third petition). The Arkansas Supreme Court's decision appears to mean that Petitioner's failure to verify his first petition immediately foreclosed any possible chance of relief under Rule 37.

There is nothing to indicate the second petition was not "properly filed" as those words were defined in *Artuz v. Bennett*,[2] so the earliest time the limitations period could have begun to run was March 6, 2010, the day after the circuit court issued its decision. However, the current petition can only be considered timely if the limitations period was tolled during his subsequent appeal to the Arkansas Supreme Court as well. Given the uncertainty regarding that decision and its tolling effect, the Court will not base its decision on the statute of limitations.

## II.     Sufficiency of the Evidence

Petitioner's first argument attacks the sufficiency of the evidence at trial, but it is based upon an Arkansas evidentiary rule regarding corroboration of codefendant testimony. Federal courts may only entertain applications for habeas corpus from persons in state custody based on grounds that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "A state law requirement of accomplice testimony corroboration is

---

[2] Indeed, the Arkansas Supreme Court never ruled that the second petition was improperly filed. It simply could not reach the merits of that petition because the circuit court did not do so first.

6

not a constitutional right cognizable on habeas review." *Gipson v. Lockhart*, 692 F.2d 66, 68 (8th Cir. 1982). Because Petitioner fails to raise any cognizable issues of federal law, there does not appear to be any jurisdictional basis for entertaining this argument.

To the extent that he has stated a cognizable claim, it is without merit. "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (superseded on other grounds by 28 U.S.C. § 2254(d)). There was more than enough evidence presented at trial to enable a rational trier of fact to find guilt beyond a reasonable doubt.

### III.     The Trial Judge's Denial of Petitioner's Motion to Recuse

Petitioner's second claim deals with the trial judge's denial of his motion to recuse, which was based upon the judge's attendance at a memorial service for one of the victims. The victim's mother worked in the Pulaski County Clerk's Office, and the judge explained that he attended out of courtesy to a fellow courthouse employee and not due to any close personal friendship. The judge did not know any of the victims or defendants. He also gave the closing prayer at the service, but he apparently prayed for both the victims and perpetrators of the crime. Finally, the judge's case coordinator lived across from the victim's mother and had known both the mother and the victim their whole lives. The only example of prejudicial action that Petitioner offers is the trial judge's decision to sustain a prosecution objection during defense counsel's cross-examination of one of Petitioner's accomplices.

Respondent contends that Petitioner's claim is procedurally barred because he failed to present it to the state courts. A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements

7

for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

In particular, Petitioner's claims are barred because he failed to specifically reference federal law in his motion to recuse or during the subsequent discussion with the judge. "We traditionally demand that a habeas petitioner have presented 'the same legal theories and factual bases to the state courts.'" *Wyldes v. Hundley*, 69 F.3d 247, 251 (8th Cir. 1995) (quoting *Pollard v. Armontrout*, 16 F.3d 295, 297 (8th Cir. 1994)). "At minimum, though, the petitioner during direct appeal must have explicitly referred the state courts to the United States Constitution or federal case law." *Id.* at 251 (citing *Luton v. Grandison*, 44 F.3d 626, 628 (8th Cir. 1994)); *see also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (holding that state courts "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution" and that this has not been done when different standards are used by the state for the issue

presented); *Carney v. Fabian*, 487 F.3d 1094, 1096-97 (8th Cir. 2007) (holding that prisoner did not satisfy presentment requirement because he "did not specifically assert a due process violation, refer to the United States Constitution, or cite a relevant federal constitutional case"); *McDougald v. Lockhart*, 942 F.2d 508, 510 (8th Cir. 1991) ("Explicit citation to the Constitution or to a federal case is necessary for fair presentation of a constitutional claim in state court.").

Assuming for the sake of argument that the state standards at issue were "virtually identical" rather than "somewhat similar" to the corresponding federal standards, Petitioner's claim still fails. *Duncan*, 513 U.S. at 366. Federal courts may only overturn a state adjudication through habeas if it resulted in a decision that was 1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or 2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"A state court decision is 'contrary to' clearly established federal law if it reaches a conclusion opposite that of the Supreme Court on a question of law, or reaches a decision contrary to the Supreme Court on materially indistinguishable facts." *Arnold v. Dormire*, 675 F.3d 1082, 1085 (8th Cir. 2012) (citing *Wiliams v. Taylor*, 529 U.S. 362, 405 (2000)). "A state court decision involves an 'unreasonable application' when it identifies the correct legal rule, but unreasonably applies it to the facts. 'A state court's application of clearly established federal law must be objectively *unreasonable*, not merely incorrect, to warrant the granting of a writ of habeas corpus.'" *Id.* (citing *Jackson v. Norris*, 651 F.3d 923, 925 (8th Cir. 2011)). A state court's "determination of a factual issue . . . shall be presumed to be correct," and petitioners bear "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254 (e)(1).

The test for determining a judge's bias asks whether "realistically considering psychological tendencies and human weaknesses, the judge would be unable to hold the proper balance between the state and the accused. In making this inquiry we, of course, presume the honesty and integrity of those serving as judges." *Jones v. Luebbers*, 359 F.3d 1005, 1013 (8th Cir. 2004) (quoting *Dyas v. Lockhart*, 705 F.2d 993, 996-97 (8th Cir. 1983)). "In applying this test, . . . we are not to hold judges to a superhuman standard that would allow no expressions of emotion, and that we are to presume the ability of judges to rule impartially notwithstanding personal attacks and challenges to their authority." *Id.* (citing *Liteky v. United States*, 510 U.S. 540, 555-56 (1994)). This was not the test used by the Arkansas Supreme Court, but its decision was in accordance with existing precedent because the judge adequately explained why he was not biased.

## IV.     Ineffective Assistance of Counsel

Petitioner's third claim argues that his trial counsel was ineffective because he failed to call his mother, Theresa Stephenson, as an alibi witness.[3] She allegedly would have testified that she had her phone on the day of the murder and that Petitioner did not speak to his accomplices.

As with his other claims, this claim is procedurally defaulted. However, there are two reasons that this default may be excusable. First, the Arkansas Supreme Court's decision effectively prevented him from ever being able to bring this claim. Second, the Supreme Court's recent decision in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013) (expanding upon the holding in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012)), may mean that Petitioner's procedural default should

---

[3] Petitioner also claims that counsel was ineffective for failing to conduct an adequate pretrial investigation, but this claim is simply a rephrasing of the argument discussed above because he concludes that proper investigation would have revealed that his mother should have testified.

10

be excused because he was not provided counsel.[4] The Court will not attempt to resolve these questions because Petitioner's claim is plainly without merit. *See McKinnon v. Lockhart*, 921 F.2d 830, 833 n. 7 (1990) (per curiam) (stating that it may be more efficient to resolve habeas issues on the merits rather than on the grounds of procedural default); *Williams v. Norris*, 612 F.3d 941, 953 (8th Cir. 2010).

In order to succeed, Petitioner must show both that his counsel provided deficient assistance and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, he must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Courts apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Id.* at 689. Counsel's errors must have been serious enough "that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

With respect to prejudice, Petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

Petitioner cannot demonstrate either of *Strickland*'s two prongs. "[R]easonable trial strategy cannot rise to the level of ineffective assistance of counsel." *English v. United States*,

---

[4] Contrary to Respondent's argument regarding *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), the Arkansas Supreme Court's decision regarding jurisdiction means Petitioner never appropriately received his day in court.

998 F.2d 609, 613 (8th Cir. 1993) (finding that counsel's failure to call two witness was a reasonable trial strategy). It also does not appear that Petitioner suffered any prejudice. Although his mother's testimony would have conflicted with the testimony of the two accomplices regarding McKinney's phone call, this would have done little to combat the other evidence. Further, her testimony would not have been credible in light of the phone records. Thus, Petitioner's claim is without merit.

IT IS THEREFORE ORDERED that Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 25) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 6th day of June, 2014.

_____
United States Magistrate Judge