**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**DEANDRA STEPHENSON**                                                                           **PLAINTIFF**

**v.**                                          **Case No. 5:12-cv-00106-KGB**

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                                                           **DEFENDANT**

<u>**ORDER**</u>

Before the Court is petitioner DeAndra Stephenson's motion to amend judgment pursuant to Rule 59(e) and supplement to motion to alter or amend (Dkt. No. 60).   Dexter Payne, Director of the Arkansas Division of Correction ("ADC"), responded and opposes Mr. Stephenson's motion (Dkt. No. 61).  After Director Payne opposed Mr. Stephenson's motion to amend judgment and supplement to motion to alter or amend, Mr. Stephenson filed a motion for relief from judgment pursuant to Rule 60(b)(2); motion to correct; and motion for relief from judgment pursuant to Rule 60(b)(2) (Dkt. Nos. 65; 66; 67).  Director Payne has not responded to Mr. Stephenson's additional motions, and the time for doing so has passed.  These motions are all ripe for this Court's consideration.

I.       **Background**

In prior Orders, this Court denied Mr. Stephenson's petition for relief under 28 U.S.C. § 2254.  The Court addressed the merits of Mr. Stephenson's claims that the evidence was insufficient to support his convictions, the trial judge erroneously denied the motion to recuse, and trial counsel rendered ineffective assistance because he failed to call Mr. Stephenson's mother as an alibi witness (Dkt. Nos. 33, 37).  The Court declined to issue a certificate of appealability (Dkt. No. 38).  The Eighth Circuit Court of Appeals affirmed this Court's decision (Dkt. Nos. 48, 49, 50).

Mr. Stephenson filed a motion for relief from judgment arguing that he is entitled to relief under Rule 60(b)(1) and (2) of the Federal Rules of Civil Procedure (Dkt. No. 56).  Mr. Stephenson argued specifically that relief from the judgment was warranted under Rule 60(b)(2) because he discovered "new" evidence unknown to him at trial that "would almost certainly compel a different result" were he retried (*Id.*, at 1-2).  In support of his argument, Mr. Stephenson attached two affidavits to his motion both of which were executed in the Spring 2019 (*Id.*, at 8-9).  This Court concluded that Mr. Stephenson's motion for relief from judgment was a second or successive habeas petition subject to the requirements of 28 U.S.C. § 2244(b)(3).  The Court concluded that a certificate of appealability issued by the Eighth Circuit granting permission to file a second or successive § 2255 petition was required.  The Court denied without prejudice Mr. Stephenson's pending motion for relief from judgment pursuant to Rule 60(b)(1) and (2), which the Court construed as a second or successive habeas petition pursuant to 28 U.S.C. § 2254 (Dkt. No. 56).

## II.      Discussion

### A.      Motion To Amend Judgment Pursuant To Rule 59(e)

Before the Court is Mr. Stephenson's motion to amend judgment pursuant to Rule 59(e) and supplement to motion to alter or amend (Dkt. No. 60).  Rule 59(e) motions serve the limited function of correcting "'manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)).  The deadline for filing such motions is short:  28 days from entry of the judgment, with no possibility of an extension. *Bannister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (citing Federal Rule of Civil Procedure 6(b)(2) prohibiting extensions to Rule 59(e)'s deadline).  Mr. Stephenson filed his motion to amend

judgment pursuant to Rule 59(e) on March 4, 2022, over seven years after this Court entered judgment against him and nearly six years after the Eighth Circuit Court of Appeals issued its mandate after dismissing his appeal (Dkt. Nos. 38; 48; 50). Mr. Stephenson's Rule 59(e) motion is denied as untimely. To the extent Mr. Stephenson seeks to raise in this motion the availability of new evidence not previously available, the Court treats that as a motion for relief from judgment pursuant to Rule 60(b) and will discuss it in more detail below.

### B.    Motion To Correct

Before the Court is also Mr. Stephenson's motion to correct in which he asserts that in support of his motion for relief from judgment pursuant to Rule 60(b)(2) he attached an affidavit from Lamarcus Dunn and an affidavit from Joseph Lee Smith (Dkt. No. 66, at 1). He claims that when he received file marked copies of his motion only one affidavit was filed (*Id*.). The Court notes the error and grants Mr. Stephenson's motion to correct (Dkt. No. 66). The Court has considered both the affidavits of Lamarcus Dunn and Joseph Lee Smith when ruling on Mr. Stephenson's motion for relief from judgment under Rule 60(b)(2) (Dkt. Nos. 60, at 4; 65, at 8-9).

### C.    Motion for Relief From Judgment Pursuant To Rule 60(b)(2)

In his motions for relief from judgment pursuant to Rule 60(b)(2), Mr. Stephenson claims that "newly discovered" evidence exonerates him of the crime of which he was convicted (Dkt. Nos 65; 67). Mr. Stephenson attaches to his motion the affidavits of Joseph Lee Smith dated February 21, 2022, and Lamarcus Lamont Dunn dated March 24, 2022 (Dkt. Nos. 60, at 4; 65, at 8-9). Mr. Smith states that on July 1, 2006, he, his mother, and little sister arrived at McCain Mall in North Little Rock, Arkansas, around noon (Dkt. No. 60, at 4). As they exited the car, they heard what sounded like fireworks (*Id*.). As he located where the sound was coming from, he saw a black male shooting into a dark vehicle (*Id*.). Once the shooter stopped, he got into the passenger

seat of a tan four door car and the car sped away (*Id.*).  The person he saw shooting was not Mr. Stephenson (*Id.*).

Mr. Dunn states that on July 1, 2006, he decided to go shopping at McCain Mall in North Little Rock, Arkansas, around 12:00 p.m. (Dkt. No. 65, at 8).  As he exited the Taco Bell exit of the Mall to get back to his car, he heard what sounded like gunshots (*Id.*).  As he "acknowledged" from where the shots were coming, he saw a black male "a lot darker than DeAndra Stephenson" shooting into a dark car, and the shooter had a blue rag around his face from the nose down and had a low haircut (*Id.*).

Mr. Stephenson's newly discovered evidence again requires that the Court follow the Eighth Circuit Court of Appeals' instruction that district courts, when addressing purported Rule 60(b) motions following the dismissal of habeas petitions, determine whether the allegations in the motions amount to second or successive collateral attacks under either 28 U.S.C. § 2255 or 28 U.S.C. § 2254.  *See Boyd v. United States,* 304 F.3d 813, 814 (8th Cir. 2002).  If it is determined that the motion is actually a second or successive habeas petition, it should be dismissed for failure to obtain authorization from the Court of Appeals as required by 28 U.S.C § 2244(b)(3)(A) or the district court may, in its discretion, transfer the purported Rule 60(b) motion to the Court of Appeals.  Again, Mr. Stephenson does not raise arguments properly asserted in a motion for reconsideration of the denial of a Rule 60(b) motion.  Instead, Mr. Stephenson asserts claims of constitutional error in his underlying conviction that he did not raise directly in his § 2254 petition.  As a result, the Court cannot consider the claims now raised by Mr. Stephenson related to these two affidavits unless the Eighth Circuit grants Ms. Stephenson permission to file a second or successive § 2255 petition.

### III.     Conclusion

The Court denies as untimely Mr. Stephenson's motion amend judgment pursuant to Rule 59(e) (Dkt. No. 60).  The Court grants Mr. Stephenson's motion to correct and has considered the affidavits of both Lamarcus Dunn and Joseph Lee Smith when ruling on Mr. Stephenson's motion for relief from judgment pursuant to Rule 60(b)(2) (Dkt. No. 66).  The Court denies without prejudice Mr. Stephenson's supplement to motions to alter or amend pursuant to Rule 60(b) and motions for relief from judgment pursuant to Rule 60(b)(2), which this Court construes as second or successive habeas petitions pursuant to 28 U.S.C. § 2254 (Dkt. Nos. 60; 65; 67).  The Court concludes that a certificate of appealability issued by the Eighth Circuit granting permission to file a second or successive § 2254 petition is required before this Court may review the merits of any second or successive petition, and Mr. Stephenson has not obtained such a certificate from the Eighth Circuit.

So ordered this the 19th day of January, 2023.

Kristine G. Baker
United States District Judge